Filed 2/17/26  P. v. Bailey CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LAVELL DANIEL BAILEY,<br><br>Defendant and Appellant. | 2d Crim. No. B339612<br>(Super. Ct. No. PA098662)<br>(Los Angeles County) |

Lavell Daniel Bailey challenges his convictions for felony assault with intent to commit rape during a first-degree burglary (Pen. Code[1], § 220, subd. (b); Count 1), misdemeanor indecent exposure (§ 314, subd. (1); Count 3), and misdemeanor lewd conduct (§ 647, subd. (a); Count 4).  He raises claims of prosecutorial misconduct, instructional error, a Racial Justice Act violation, and insufficient evidence.  We will affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND
*Count 1 – Felony Assault with Intent to Commit Rape*
*During a First-Degree Burglary*

L.B.[2] was awoken when appellant climbed up to her balcony and entered her bedroom through her unlocked screen door. She had been sleeping in panties with her sliding door open because it was hot. Appellant said, "Just give me what I want." L.B. started screaming, "Help me, help me!" Appellant covered her mouth and nose and held her in the bedroom. She fought to get to the front door and managed to unlock it. Appellant threw her down, straddled her, and covered her nose and mouth again. She could not breathe. Appellant said, "I don't want to hurt you, but I will." He grabbed her over her panties. L.B. believed he was going to rape and kill her. Appellant fled when a neighbor entered L.B.'s apartment to assist her.

*Count 3 – Misdemeanor Indecent Exposure*

M.C. was entering a stall in the women's bathroom at the public library when she turned and saw appellant blocking the bathroom door, staring at her. His pants were down, exposing his penis. M.C. yelled, "Get out of here!" repeatedly, and appellant finally left. Surveillance footage shows appellant, wearing a gray hoodie and an N95 mask, follow M.C. into the women's bathroom. A few minutes later he is seen walking out with M.C. exiting behind him and yelling.

*Count 4 – Misdemeanor Lewd Conduct*

Additional surveillance footage from the public library shows appellant wearing a mask, a gray hoodie, and gray sweats,

---

[2] We use initials to protect the victim's privacy in criminal appeals. (Cal. Rules of Court, rule 8.90(b)(4).)

stroking his exposed penis in a bathroom doorway while a librarian was nearby.

*Uncharged Acts*

N.S. was working as a custody assistant for the Los Angeles County Sheriff's Department at the San Fernando Courthouse "lockup." Appellant, an inmate, approached N.S., exposed his penis, and began stroking it. N.S. told him his conduct was inappropriate and he would be disciplined.

Deputy P.B. of the Los Angeles County Sheriff's Department was working in "lockup" in the San Fernando Courthouse when appellant requested soap. Deputy P.B. opened a tray slot and observed appellant with his erect penis exposed and pointed at her. She told him to put it away and shut the tray slot.

*Procedural History*

In a first amended information the Los Angeles County District Attorney, charged appellant with felony assault with intent to commit rape during a first-degree burglary (§ 220, subd. (b); count 1), misdemeanor indecent exposure (§ 314, subd. (1); count 3), misdemeanor lewd conduct (§ 647, subd. (a); count 4), unauthorized use of personal identifying information (§ 530.5, subd. (a); count 5), and petty theft (§ 484, subd. (a); count 6). Appellant pleaded not guilty and denied all special allegations.[3]

---

[3] As to count 1, it was alleged the crime involved a high degree of cruelty, viciousness, and callousness (Cal. Rules of Court, rule 4.421 (a)(1)), the victim was particularly vulnerable (*id.*, rule 4.421 (a)(3)), the crime indicated planning, sophistication, and professionalism (*id.*, rule 4.421 (a)(8)), and appellant engaged in violent conduct indicating a serious danger to society (*id.*, rule 4.421 (b)(1)). It was further alleged the crimes and objectives alleged were predominantly independent of each

A jury found appellant guilty as charged on counts 1, 3, and 4. Counts 5 and 6 were dismissed during trial.

The trial court sentenced appellant to life with the possibility of parole on count 1, with concurrent 80 and 180 day terms on counts 3 and 4, respectively. Appellant was given 844 days of presentence custody credit (734 days of actual time plus 110 days of good time/work time credits).

## DISCUSSION

### CALCRIM No. 1191B

For the first time on appeal, appellant contends the jury was erroneously instructed under CALCRIM No. 1191B that it could consider his guilt on the section 647 subdivision (a) charge to prove his guilt on the other charges.[4] He asserts the

---

other (*id*., rule 4.425 (a)(1)) and involved separate acts of violence and threats of violence (*id*., rule 4.425 (a)(2)). Neither the court nor the jury made findings on the special allegations and none were imposed.

[4] The instruction stated, "The People presented evidence that the defendant committed the crimes of assault with intent to commit rape during the commission of a first degree burglary, indecent exposure, and lewd conduct in public. [¶] If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sex offenses charged in this case. [¶] If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People must still

4

instruction was incorrect because section 647 subdivision (a) is not a sexual offense listed under Evidence Code section 1108, subdivision (d)(1).  He also claims the prosecutor compounded the error by incorrectly stating the burden of proof, and the errors violated his constitutional rights.  Appellant did not object to the instruction or the prosecutor's statement, nor did he request a curative admonition.  His claims are thus forfeited.  (*People v. Cowan* (2017) 8 Cal.App.5th 1152, 1161.)

In any event, his claims fail.  "An appellate court reviews the wording of a jury instruction de novo and assesses whether the instruction accurately states the law."  (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.)  We consider jury instructions as a whole and assume jurors are intelligent and capable of understanding and correlating all instructions given.  (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

Evidence Code section 1108, subdivision (a) states that "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."  Subdivision (d)(1) states "'[s]exual offense' means a crime under the law of a state or of the United States that involved . . . (A) Any *conduct* proscribed" by listed penal code provisions.  (Evid. Code, § 1108, subd. (d)(1), italics added.)  Evidence Code section 1108 thus defines sexual offenses by the conduct committed, not the actual charge for such conduct.

Among the Penal Code provisions listed in Evidence Code section 1108, subdivision (d)(1)(A) is section 314, which provides

---

prove each charge beyond a reasonable doubt."  (CALCRIM no. 1191B.)

"[e]very person who willfully and lewdly . . . [e]xposes his . . . private parts . . . in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . is guilty of a misdemeanor." (§ 314.) Section 647 is not listed. [5]

The section 647, misdemeanor lewd conduct charge against appellant was based upon his conduct of stroking his exposed penis in a library bathroom doorway while a librarian stands nearby. Such conduct unquestionably is proscribed by section 314. (*People v. Story* (2009) 45 Cal.4th 1282, 1291.)

In *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), our Supreme Court held that Evidence Code section 1108 extends to charged as well as uncharged sexual offenses. (*Id.* at pp. 1161-1162.) The Court did not, as appellant contends, hold the specific charge must be one listed in the statute.

Appellant also contends giving CALCRIM No. 1191B lowered the prosecution's burden of proof, an error compounded by the prosecutor stating in closing that she only had to prove the charged crimes by a preponderance of the evidence. We disagree. CALCRIM No. 1191B does not lower the burden of proof because it makes clear the "offenses are only one factor to consider; . . . they are not sufficient to prove by themselves that the defendant is guilty of the charged offenses; and . . . the People must still prove the charged offenses beyond a reasonable doubt." (*People v. Gonzales* (2017) 16 Cal.App.5th 494, 502.) The prosecutor correctly explained that if the jury found the uncharged acts were proven by a preponderance of the evidence, they could consider

---

[5] Section 647 provides: "An individual who . . . engages in lewd . . . conduct in a public place or in a place open to the public or exposed to public view" (§ 647, subd. (a).) "is guilty of disorderly conduct . . . ." (§ 647.)

6

those acts as "one factor" in determining whether the charged acts were proven beyond a reasonable doubt. She then correctly stated, "each and every element of every crime still needs to be proven beyond a reasonable doubt."

Other instructions were clear that uncharged conduct must be proved by a preponderance of evidence but all charged conduct required proof beyond a reasonable doubt. We conclude the burden of proof was properly stated and giving CALCRIM No. 1191B "did not impermissibly lower the standard of proof or otherwise interfere with defendant's presumption of innocence." (*Villatoro*, *supra*, 54 Cal. 4th at p. 1168.)

### The Racial Justice Act

Appellant contends he made a prima facie showing he was repeatedly beaten in custody and the beatings, as well as being called "a [B]lack pro per with no knowledge," impaired his ability to effectively represent himself, causing a denial of due process and a violation of the Racial Justice Act. He claims neither claim was disproven so they must be presumed true, and the matter remanded for an evidentiary hearing.

The Racial Justice Act (RJA) provides, "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin." (§ 745, subd. (a).) The RJA sets forth "'conduct . . . which, if proved, is enough to "establish" a violation of section 745, subdivision (a).'" (*Finley v. Superior Court* (2023) 95 Cal.App.5th 12, 19.)

"When a defendant files a motion in the trial court alleging a violation of the Racial Justice Act, the first step is for the trial court to determine whether the defendant has made 'a prima facie showing of a violation.' [Citation.] The statute specifically

defines "'[p]rima facie showing'" to mean '. . . the defendant produces facts that, if true, establish . . . there is a substantial likelihood . . . a violation of subdivision (a) occurred.'" (*Jackson v. Superior Court* (2025) 109 Cal.App.5th 372, 381 (*Jackson*).) A ""'substantial likelihood" requires more than a mere possibility, but less than a standard of more likely than not.'" (*Ibid*.) Notably, "'a defendant seeking relief under the Racial Justice Act must state fully and with particularity the facts on which relief is sought, and include copies of reasonably available documentary evidence supporting the claim. The court should accept the truth of the defendant's allegations, including expert evidence and statistics, unless the allegations are conclusory, unsupported by the evidence presented in support of the claim, or demonstrably contradicted by the court's own records. . . . [T]he court should not make credibility determinations at the prima facie stage.'" (*Ibid*.) We review denials of RJA motions de novo. (*Id.,* at p. 382.)

Here, the trial court denied appellant's RJA motion because his allegations were "vague, ambiguous, . . . entirely conclusory and are not supported by any evidence." We agree. Appellant failed to produce facts that, if true, establish a substantial likelihood a violation occurred. (§ 745, subd. (h)(2).) He failed to "'state fully and with particularity the facts on which relief is sought, [or] include copies of reasonably available documentary evidence supporting the claim.'" (*Jackson, supra*, 109 Cal.App.5th at p. 381.) For example, the alleged "Black pro per" comment is not in the transcripts, the prosecutor declared she never heard it, and appellant failed to identify who made the comment, or when, where, or in what context the comment was allegedly made.

A RJA violation can only be committed by a judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or a juror. (§ 745, subd. (a)(1)-(2).) Appellant did not allege the beatings were committed by anyone other than fellow inmates. We conclude appellant's RJA motion was properly denied.

### *Instructions to Disregard Appellant's Custody Status*

Appellant next contends the trial court erred by failing to sua sponte instruct the jury to disregard his custody status. But the record shows during trial when two witnesses referred to appellant's custody status, the court instructed the jury that the fact appellant is or was in custody should not affect their decision in any way. The trial court was not required to instruct the jury on the same issue a third time.

### *Prosecutorial Misconduct*

Appellant contends the prosecutor committed misconduct by relying on evidence from dismissed counts to prove identity, which he asserts is akin to referring to facts not in evidence.[6] We disagree. The prosecutor relied on properly admitted evidence without appellant's objection and appellant provides no authority stating properly admitted evidence must be excluded from juror consideration if the related charges are dismissed during trial.

### *Sufficiency of Evidence*

Finally, appellant asserts insufficient evidence supports he was the masked suspect in the library for counts 3 and 4. "'The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves

---

[6] He also duplicates his earlier contention the prosecutor improperly stated the burden of proof but we have already concluded the burden of proof was correctly stated.

9

guilt beyond a reasonable doubt.'" (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)  We do not focus on ""'isolated bits of evidence."'" (*People v. Cuevas* (1995) 12 Cal.4th 252, 261.)  We examine the entire record and draw all reasonable inferences in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find defendant guilty beyond a reasonable doubt.  (*People v. Streeter* (2012) 54 Cal.4th 205, 241.)  Determining witness credibility and the truth or falsity of facts is the exclusive province of the factfinder.  (*People v. Giron-Chamul* (2016) 245 Cal.App.4th 932, 957.)  We do not reweigh evidence or reassess witness credibility.  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

M.C. testified she saw appellant in the women's bathroom holding his penis with his pants down, she reported his conduct to police the day it occurred, and she told police he was circumcised.  The jury heard testimony that S.F. "immediately" recognized appellant in the surveillance footage.  A librarian testified she recognized the masked suspect as appellant because she had seen him on prior occasions in the library, on the street near the library, loitering in front of the library, and entering the library to use the bathroom.  She testified he sometimes wore a mask, but other times did not.  Thus, a reasonable jury could infer the librarian was able to recognize appellant if he was wearing a mask.

The jury also heard from a library aide who testified appellant showed her a photo of his nude body and erect penis.  She testified he was not wearing a mask, and he told her his first and last name.  She also testified she recognized him from earlier interactions when he visited the library and asked her to unlock the men's bathroom for him.

A second library aide identified appellant as having showed her a pornographic photo while she was helping him with his library card.  She testified he was not wearing a mask and that after the incident she put her guard up whenever she saw him at the library and noticed he asked to use the restroom excessively.

"[U]ncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable."  (*People v. Scott* (1978) 21 Cal.3d 284, 296.)  Whether the evidence and testimony could have resulted in a contrary finding "does not warrant the judgment's reversal."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358.)  Here, multiple witnesses identified appellant based on numerous interactions with him.  We conclude sufficient evidence justifies the jury's determination appellant was the masked suspect in the library surveillance footage.

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, J., Acting P. J.

BALTODANO, J.

11

David W. Stuart, Judge
Superior Court County of Los Angeles

_____

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.